

**U.S. Department of Justice**



*United States Attorney*
*District of Massachusetts*

---

*1550 Main Street, Suite 310*
*Springfield, Massachusetts 01103*

September 5, 2006

Vincent A. Bongiorni, Esq.
95 State Street
Springfield, MA  01103

**Re:  Arthur Sotirion**

Dear Mr. Bongiorni:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and Arthur Sotirion ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.   Change of Plea

At the earliest practicable date, Defendant shall plead guilty to Count 1 (RICO, a violation of Title 18, United States Code, Section 1962(c)), Count 2 (RICO Conspiracy, a violation of Title 18, United States Code, Section 1962(d)), and Count 114 (Filing a False Income Tax Return for the Year 1999, a violation of Title 26, United States Code, Section 7206(1)) of the Superseding Indictment CR-N-04-30033-MAP.  Defendant expressly and unequivocally admits that Defendant knowingly, intentionally and willfully committed the afore-mentioned crimes charged in the Superseding Indictment, and is in fact guilty of those offenses.

Defendant further acknowledges that Defendant understands that Defendant enters into this plea agreement as part of a package plea agreement with all defendants charged in the Superseding Indictment except for defendant Peter Davis.  Defendant further agrees that Defendant's decision to enter into a package plea agreement is completely knowing and voluntary.

The United States Attorney agrees to dismiss the remaining charges against Defendant at the time of sentencing.

1

2.  **Penalties**

Defendant faces a maximum term of imprisonment of twenty years, a fine of not more than twice the gross profits or other proceeds derived from this offense, five years of supervised release, and a total special assessment of $200.00 for Count 1 and Count 2. Defendant faces a maximum term of imprisonment of three years, a fine of $100,000.00, one year of supervised release, and a special assessment of $100.00 for Count ~~III~~ .//4  AC (WD)

3.  **Sentencing Guidelines**

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing under the 2002 United States Sentencing Guidelines:

   A.  The United States will argue for an Offense Level 28 for bribery between $1,000,000.00 and $2,500,000.00 pursuant to §§2E1.1 and 2C1.1(a), §2C1.1(b)(1), §2C1.1(b)(2)(A), and §2B1.1(b)(1)(I). Defendant may contest this calculation at sentencing;

   B.  The United States will argue for a four level increase of the Offense Level under §3B1.1(a) because the defendant acted as an organizer or leader of an otherwise extensive criminal activity. Defendant may contest this calculation at sentencing;

   C.  The United States will argue for a two level increase of the Offense Level under §3B1.3 because the defendant abused a position of trust. Defendant may contest this calculation at sentencing;

   D.  The United States will argue for a two level increase of the Offense Level under §3C1.1 because the defendant obstructed justice during the course

2

of the investigation. Defendant may contest this calculation at sentencing; and,

E. The United States and Defendant agree that the Offense Level for Count 114 has no impact upon the Adjusted Offense Level for the RICO counts when grouped under §3D1.4 because the difference in Adjusted Offense Levels exceeds eight levels.

In the event Defendant contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant agrees that Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney his and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons). The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

As outlined below at Paragraph 4, Defendant agrees to provide any other departure argument((s) at least twenty-one days prior to sentencing. The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1 to an Offense Level 33, or a sentencing range of 135 to 168 months.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the

3

offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the United States may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) A term of incarceration within the sentencing range of 135-168 months. The defendant may file a motion for downward departure and argue for anything less than 135 months;

4

(b) Fine unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) Restitution;

(d) Mandatory special assessment; and,

(e) Supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

(f) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(g) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(h) Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(i) File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

(j) Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment of $300.00 to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant will transfer to the United States all of Defendant's interests that Defendant may have in the following assets identified below as payment of any restitution claim submitted by the Springfield Housing Authority:

(a) real property located at 811 Dickinson Street, Springfield, MA;

(b) real property located at 48 Webber Street, Springfield, MA; and,

(c) real property in the form of a time share located in Aruba (collectively, the "Properties").

(collectively, the "Properties"). Defendant therefore consents to the transfer of all of Defendant's interests in the Properties to the United States subject to the terms and conditions below. Defendant agrees that the transfer may be carried out criminally, civilly, or administratively in the United States' discretion. Defendant agrees to transfer all of his interests in the Properties as outlined below within twenty-one days of the execution of this Agreement.

Defendant further warranties and represents that Defendant does not know of any material conditions, excluding fluctuations in market value, that would adversely affect the assessed and appraised values of the Properties. If Defendant willfully conceals or withholds any information about such conditions prior to the execution of this Agreement, this Agreement shall be null and void.

Defendant agrees that, up through the date on which the Properties are transferred to the United States, Defendant shall: (i) maintain the Properties in a safe and reasonable condition and in accordance with all applicable laws; (ii) not further encumber the Properties in any way without prior agreement by the United States; (iii) maintain adequate insurance on the Properties, sufficient to cover the equity in the Properties should they be

6

damaged or destroyed; and, (iv) make all payments associated with the Properties, including, but not limited to, mortgage, lien, utility, insurance, and tax payments, which are due or which become due during the relevant time period.

If Defendant delivers to the clerk's office a certified check, made payable to the United States District Court (or another payee deemed suitable by the clerk's office for payment of restitution), in the amount of fifty percent of the fair market value of the Properties, less any liens, no later than three weeks prior to sentencing, the United States will seek such funds as restitution in lieu of the Properties. If the parties cannot agree upon a fair market value for the Properties, the parties agree that the court shall resolve the difference and arrive at a fair market value. Upon reasonable notice, Defendant agrees to provide the United States with access to the Properties for the purpose of conducting an appraisal. Defendant reserves the right to obtain an independent appraisal of the Properties.

The U.S. Attorney agrees that it will not undertake any civil or criminal forfeiture action against Defendant's interest in any property not identified in the Agreement based on the crimes charged in the Superseding Indictment.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, and returning to the United States the Properties, wherever located, and in whatever names the Properties may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all of the Properties to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of restitution, deeds, sworn statements relating the factual bases for restitution, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative proceedings which may be brought against the Properties for purposes of restitution.

The transfer of assets for restitution shall not be deemed an alteration of Defendant's sentence. The transfer of assets for restitution set forth herein shall not satisfy or offset any fine, cost of imprisonment, or other penalty imposed upon Defendant, except as set forth in this paragraph, nor shall the transfer of assets for restitution be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from

or relating to the transfer of assets for restitution set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the transfer of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to, and consents to the transfer of, the Properties.

Defendant agrees to consent to the entry of orders of restitution, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the restitution in the charging instrument, announcement of the restitution at sentencing, and incorporation of the restitution in the judgment. Defendant acknowledges that he understands that transfer of the Properties for restitution is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant agrees not to transfer, or authorize the transfer of the Properties without prior express written consent of the U.S. Attorney. This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the restitution ordered by the Court at sentencing as a result of the conduct charged in the Superseding Indictment are satisfied in full.

In addition, per the Springfield Housing Authority Board of Directors' desire to settle its restitution claim in the criminal case in order to obtain payment as expeditiously as possible, which has been attached and incorporated as Attachment A, the U.S. Attorney agrees that the transfer of all of Defendant's interests in the Properties shall settle any restitution claim submitted by the Springfield Housing Authority to the sentencing court in the criminal case.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that Defendant has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that Defendant may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in Paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in Paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

9

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

In addition, per the Springfield Housing Authority Board of Directors' desire to settle its restitution claim in the criminal case in order to obtain payment as expeditiously as possible, which has been attached and incorporated as Attachment A, the U.S. Attorney agrees that, if approved by the Chief of the Asset Forfeiture and Money Laundering Section, the proceeds from the forfeiture of all of Defendant's interests in the Properties and Substitute Assets shall settle any restitution claim submitted by the Springfield Housing Authority to the sentencing court in the criminal case.

8. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss all remaining counts of the Superseding Indictment.

9. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the

U.S. Probation Office concerning his assets.

11. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

12. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should Defendant breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or

11

objects which may be provided by him to the United States subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have under any statute of limitations or the Speedy Trial Act.

14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
DIANE FRENIERE
Assistant U.S. Attorney
Chief,
White Collar Crime Section

WILLIAM M. WELCH II
Assistant U.S. Attorney

12

# EXTRACTS OF MEETINGS

EXTRACTS FROM THE MINUTES OF A SPECIAL MEETING OF THE SPRINGFIELD HOUSING AUTHORITY HELD ON AUGUST 28, 2006.

THE MEMBERS OF THE SPRINGFIELD HOUSING AUTHORITY MET IN EXECUTIVE SESSION AT THE BOARD ROOM OF THE SPRINGFIELD HOUSING AUTHORITY AT 25 SAAB COURT IN THE CITY OF SPRINGFIELD, MASSACHUSETTS, 01104, AT 4:35 P.M., ON MONDAY AUGUST 28, 2006. THE MEETING WAS CALLED TO ORDER BY THE CHAIRPERSON AND UPON ROLL CALL, THOSE PRESENT AND ABSENT WERE AS FOLLOWS:

PRESENT:   CARLTON STANDEN (CHAIRPERSON)
           TIMOTHY BABCOCK
           RAYMOND WARREN
           RACHEL HIDALGO
           MELINDA PELLERIN-DUCK
ABSENT:    NONE

## RESOLUTION #9379

UPON A MOTION MADE BY RAYMOND WARREN, SECONDED BY TIMOTHY BABCOCK, IT WAS UNANIMOUSLY VOTED TO EXPRESS THE BOARD'S APPROVAL OF THE PLEA AGREEMENTS OF THE CHARGED DEFENDANTS, RAYMOND ASSELIN SR., JANET ASSELIN, ARTHUR SOTIRION, RAYMOND ASSELIN JR, JAMES ASSELIN, CHRISTOPHER ASSELIN, MERYLINA ASSELIN, JOSEPH ASSELIN, MELINDA ASSELIN, MARIA SERRAZINA, PAUL BANNICK, AND JOHN SPANO IN WHICH THE DEFENDANTS HAVE AGREED TO FORFEITURE OF ASSETS TO RETIRE ANY CLAIM OF RESTITUTION MADE BY SPRINGFIELD HOUSING AUTHORITY WITH RESPECT TO THE ABOVE NAMED DEFENDANTS THAT IS SPECIFICALLY CHARGED IN THE INDICTMENT. IN EXPRESSING SUCH APPROVAL HOWEVER, THE AUTHORITY EXPRESSLY RESERVES ITS RIGHT TO SEEK ALL CIVIL REMEDIES AVAILABLE TO IT WITH RESPECT TO MATTERS NOT CHARGED IN THE INDICMENT.

AYES:   5
NAYS:   0

ATTEST:               CERTIFIED AS A TRUE AND CORRECT COPY BY:

                      *QFMCCright* (signature)
                      ELIZABETH McCRIGHT
                      EXECUTIVE DIRECTOR
                      SPRINGFIELD HOUSING AUTHORITY



GOVERNMENT EXHIBIT A

CERTIFICATE

I, the undersigned, the duly appointed, qualified and acting Secretary of the Springfield Housing Authority, do hereby certify:

That the attached extract from the minutes of the regularly scheduled meeting of the members of said Authority held on August 28, 2006 is a true and correct copy of the original minutes that relate to the matters set forth in said attached extract.

That the copy of the Resolution appearing in said attached extract is a true and correct copy of Resolution No. 9379 adopted and approved at said meeting.

That on the date of this meeting each member present and voting was a resident of the City of Springfield, Massachusetts.

That notice of such meeting was duly filed forty-eight hours prior thereto with the clerk of the City of Springfield in accordance with the requirements of M.G.L. c.39 sec.23B, as amended.

In witness thereof, I have hereunto set my hand and the seal of said Authority this 28th day of August 2006.

Secretary _EFMcCright_
Elizabeth F. McCright

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. We have discussed that fact that this Plea Agreement is part of a package plea agreement negotiated with all of the other defendants except for Defendant Peter Davis, and my attorney has conveyed the risks and benefits associated with such an arrangement. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement, including the fact that it is part of a package plea agreement, is in my best interest.

Arthur Sotirion
Defendant

Date: 9/6/06

I certify that Arthur Sotirion has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Vincent A. Bongiorni, Esq.
Attorney for Defendant

Date: 9/6/06

13