UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO. CR-N-30033-MAP |
| ) | |
| ARTHUR SOTIRION ) | |

### DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

Now comes the Defendant, by and through counsel, and makes the following objections to the Presentence Report:

**The Section 8 Program Fraud Scheme**

**Paragraph (250)** - Defendant's Objection - Sotirion did not take part in the Section 8 Program Fraud so called - the report fails to provide any factual basis to support a finding that this defendant participated in the fraud or to establish the amount of the loss.

**The Brief Case**

**Paragraphs (257) through (259)**- Defendant's Objection - the report reflects third party hearsay concerning the ownership and disposal of $47,000.00 in United States currency. The defendant objects to these conclusions and alleges these funds were transferred to Edward Murphy/First American Title Insurance as a part of the down payment of the Chaffee Hallewell Insurance Company on behalf of Joseph Asselin. (See paragraphs 188 through 194)

**Computer Discs**

**Paragraph (260)**- Defendant's Objection - Sotirion did instruct his secretaries to download their computer hard drives onto computer discs. He did not instruct them to erase their hard drives. Sotirion took custody of the discs and after copying then turned them over to the FBI through counsel.

**The Amount of Loss**

**Paragraph (273)** - Defendant's Objection - defendant objects to the loss calculation set forth in paragraph 273 to the following extent;

The Section 8 Program Fraud

The report fails to establish a factual basis to connect defendant Sotirion to the Section 8 Program Fraud Scheme nor does the report provide a factual basis upon which to establish a loss to the entities alleged in this section.

<u>The Fraud Scheme</u>

1) Section 2B1.1(B)(1) calls for a sentencing court to increase an offender's offense level in larceny and theft cases according to the amount of loss resulting from the offense. <u>U.S. v. Alli</u>, 444 F3rd 34 (1st 20026).

2) At Sentencing a defendant in a jointly undertaken criminal activity is liable for the harm resulting from acts directly attributable to him and to the harm resulting from the reasonably foreseeable acts of others taken in furtherance of the jointly undertaken criminal activity. U.S.S.G. §1B13(a)(1)(3), <u>U.S. v. Pizzaro-Berrios</u>, 498 F3d (1st Cir. 2006)

3) The Presentence Report adopts the Government's theory of gain in order to establish the loss under U.S.S.G. 2B1.1. In assessing loss the Guideline commentary suggests utilizing "gain" as a measure of loss should only occur where there is a loss which cannot be reasonably determined. See commentary to U.S.S.G. 2 B1.1 Application Note 2(B).

4) The Guideline also instructs that an offender is entitled to credits against loss. (See Application Note 2(B))

5) In assessing the existence of a credit against loss the court many consider "the fair market value of. . . the services rendered by the defendant or other person acting jointly with the defendant to the victim. . ."

6) In the present case the fees charged for goods and service performed have not been characterized in the Presentence Report as excessive or above fair market value. With few exceptions, contracts went to the lowest bidder. Without some record evidence to support a finding the charge for goods and services were not fair market value costs, the loss to the victim is not established.

**Obstruction of Justice**

**Paragraph (276)** -- Defendant's Objection - the evidence does not establish the defendant ordered secretary's Torres and Santiago to erase the hard drive of their computers, nor is there a factual basis asserted to conclude they did, or that they ever had the ability to do so. The Government chose not to examine their hard drive which remained intact. The asserted lack of efficiency is *de minimis*. Counsel for defendant turned the discs over to the FBI after copies were made. See objection paragraph 266. The report does not establish beyond third party hearsay that Sotirion directly received $47,000.00 in currency. Sotirion did not conceal the proceeds from the Government. Upon information and belief these funds were provided to Edward Murphy as part of the down payment by Joseph Asselin for the Chaffee Hallowell Insurance Agency. See objection to paragraph 257. A two point enhancement is not warranted pursuant to U.S.S.G. §3C1.1.

**Paragraph (285)** - Defendant's Objection - defendant objects to 2 point adjustment for obstruction of justice. See objection to paragraph 276.

**Paragraph (286)** - Adjusted Offense Level - Defendant's Objection - adjusted offense level should be 33.

**Paragraph (293) -** Group I Adjusted Offense Level should be 33.

**Paragraph (300)** - Total Offense Level - Defendant's Objection - Total Offense Level should be 30.

### Net Worth Analysis

**Paragraph (323)**- Defendant's Objection - under the heading "Assets" line #5, Bank of America Personal Savings should read "$30,454 instead of $73,679"; line #11 Springfield Retirement Account, this item was listed only to inform the Probation Department of its existence. The defendant's plea to these charges will result in these funds being withheld by the Retirement Board and should not be included on his Net Worth Analysis; should read "0". Total Assets should be $911,902.00.

### Liabilities

After the Presentence Report was prepared, defendant borrowed $190,000.00 to make restitution under the terms of the Plea Agreement and to pay counsel fees. Total liability should now reflect $190,000.00. Total Net Worth should reflect as $721,907.00. Presentence Report should reflect 50% interest in Aruba Time Share valued at $3,750.00 being liquidated, PSR at page 72.

### Fines

**Paragraph (337)** - Defendant's Objection - the defendant notes the Government objection to the Presentence Report Fine Section and for a specific request for a fine of $487,982.00. The defendant believes this request is excessive and will argue against it accordingly.

### Restitution

**Paragraph (342)** - Defendant's Objection - to the extent the defendant claims 18 U.S.C. §3663-3664 does not authorize restitution in this case or that restitution which is not established by Plea Agreement or facts found beyond a reasonable doubt violating the holding in Booker. Additionally, the defendant alleges Title 18 §3664(j)(1)(2)(A)(B) controls both payments and allocation.

**Paragraph (343)** - Defendant's Objection - defendant objects to the amount of restitution as calculated by the Presentence Report insofar as the amount so listed appears to be a typographical error indicating the amount of restitution is $66,266,313.00. The defendant believes the report intended to place the amount at $6,226,313.00 which includes a loss for Section 8 Program Fraud, Theft and the Bribery Scheme. See defendant's objection to loss at paragraph 273.

THE DEFENDANT,

BY:/s/ Vincent A. Bongiorni
Vincent A. Bongiorni, Esq.
95 State Street, Suite #309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to the Assistant United States Attorney, Steven Breslow, United States District Court, 1550 Main Street, Springfield, MA. O1103 this 22nd day of November 2006.

/s/ Vincent A. Bongiorni