UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 04-cr-30033 |
| ARTHUR SOTIRION, Defendant. | ) ) ) ) | |

**MOTION UNDER 28 U.S.C. § 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pursuant to 28 U.S.C. § 2255, the Defendant, Arthur Sotirion ("Sotirion"), requests that the Court vacate his sentence of 109 months imprisonment. Sotirion attacks his sentence on the grounds that the sentence: (1) is unconstitutional; and (2) is otherwise subject to collateral review. Sotirion requests that the Court re-sentence him to a term of imprisonment of 85 months. As grounds therefor, Sotirion states the following:

**JURISDICTION**

Sotirion challenges the sentence entered by the United States District Court for the District of Massachusetts, Ponsor, J., in United States v. Sotirion, No. 04-cr-30033.

On September 6, 2006, pursuant to a plea agreement entered into with the government, Sotirion pleaded guilty to Counts 1, 2 and 114 of a Superseding Indictment before Magistrate Judge Kenneth Neiman.[1] On October 10, 2006, this Court adopted Magistrate Judge Neiman's *Report and Recommendation* and accepted it into the record.

---

[1] Count 1 charged Sotirion with Racketeering in violation of 18 U.S.C. § 1962(c). Count 2 charged Sotirion with Conspiracy to Commit Racketeering in violation of 18 U.S.C. § 1962(d). Count 114 charged Sotirion with Filling False Income Tax Returns, in violation off 26 U.S.C. § 7206(1).

On February 8, 2007, the Court sentenced Sotirion to a term of imprisonment of 109 months on Counts 1 and 2 of the Superseding Indictment and a term of imprisonment of 36 months on Count 114, all to be served concurrently. Sotirion did not directly appeal his sentence.

The Judgment of Conviction was entered on February 8, 2007. This motion, therefore, is timely under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Sotirion is currently incarcerated at the Federal Medical Center in Devens, Massachusetts. Sotirion's BOP inmate number is 90806-038.

**FACTS**

Sotirion's conviction arose out of acts Sotirion's committed in his capacity as the Assistant Executive Director of Maintenance for the Springfield Housing Authority ("SHA"). Specifically, Sotirion admitted to rigging several SHA bids and awarding SHA contracts to various individuals in exchange for gratuities in the form of either money or services.

At sentencing, the Court operated under the erroneous belief that Sotirion's sentencing range for Counts 1 and 2 was 97 to 121 months.[2] This calculation was erroneous because Sotirion received a two level role in the offense adjustment for abusing a position of trust under U.S.S.G. § 3B1.3. A plain reading of the Guidelines reveals that the two-level enhancement should not have been applied here. Section 3B1.3 expressly states that an adjustment for abuse of a position of trust "may not be employed if an abuse of trust…is included in the base offense level…." U.S.S.G. § 3B1.3. The

---

[2] The range was based on a total offense level of 30 and a criminal history category of I. Sotirion does not assign error to the Guidelines calculation for Count 114.

2

base offense level here was calculated under §2C1.1, which covers offenses involving bribes and public officials. See PSR at 280. The Commentary to §2C1.1 states that an adjustment for abuse of a position of trust shall not be applied. U.S.S.G. §2C1.1, comment. (n.6).

Therefore, Sotirion's sentencing range, if properly calculated, was actually 78 to 97 months. Sotirion's attorney failed to object to the two-level enhancement in the PSR and at the sentencing hearing or directly appeal Sotirion's sentence.

## GROUND ONE

The erroneous calculation of Sotirion's sentencing range resulted in a violation of Sotirion's due process rights because the Court based its sentence on inaccurate information. The Court considers several factors when crafting an appropriate sentence for a particular defendant. See, e.g., 18 U.S.C. § 3553 (enumerating sentencing factors). Most, if not all, of the information the Court will rely on is contained in the PSR, which is mandated by Rule 32 of the Federal Rules of Criminal Procedure. Because of the importance of this document, accurate information in the PSR is vital. United States v. Bigman, 906 F.2d 392, 395 (9th Cir. 1990).

Among the factors the Court considers is the sentencing range calculated under the now-advisory United States Sentencing Guidelines (the "Guidelines"). 18 U.S.C. § 3553(a)(4). Where the Guidelines have been miscalculated or misapplied, however, the Court's sentence may be drastically different than what it would have been under a correct calculation. For this reason, courts have held that a sentence based on inaccurate information in the PSR affects a defendant's due process rights and is actionable in a § 2255 proceeding. See, e.g., United States v. Tucker, 404 U.S. 443, 446, 447 (1972) (vacating sentence based on "misinformation of constitutional magnitude"); Sukwit v.

3

United States, 973 F.2d 903, 904 (11th Cir. 1992)( finding claim that defendant was sentenced on the basis of false information contained in PSR cognizable in § 2255 action); Bigman, 906 F.2d at 395 (same); United States v. Stevens, 851 F.2d 140, 143 (6th Cir. 1988) ("Convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information."); Parks v. United States, 832 F.2d 1244, 1246 (11th Cir. 1987) ("Due process protects a defendant's right not to be sentenced on the basis of false information and invalid premises."); United States v. Katzin, 824 F.2d 234, 241 (3d Cir. 1987) ("Sentencing based on a mistaken factual assumption violates due process.")

Here, the error in the PSR was clear. The Guidelines specifically state that an abuse of trust enhancement shall not be applied. The Court should have been informed that the applicable sentencing range for Sotirion was 78 to 97 months and sentenced Sotirion based on this information. Because the Court did not have accurate information, Sotirion was denied his right to due process.

## GROUND TWO

Sotirion's sentence was the result of ineffective assistance of counsel. Ineffective assistance of counsel claims are proper under 28 U.S.C. § 2255. Massaro v. United States, 538 U.S. 500, 504 (2003). A defendant is denied his right to effective assistance of counsel where: (1) counsel's performance fell below an objectively reasonable standard; and (2) counsel's performance prejudiced the defendant, i.e., but for counsel's failures, the outcome would likely have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Counsel's failure to realize the misapplication of the abuse of trust enhancement fell below an objectively reasonable standard. Despite making numerous objections to

4

the PSR, counsel did not did not include an objection to the enhancement. (D. #378.) In addition, no objection was made at the sentencing hearing. This is not a case where the applicability of the enhancement was open to interpretation. A plain reading of the Guidelines would have revealed it was not.

The increased sentence that resulted from counsel's failure to object was prejudicial because Sotirion's sentence would most likely have been significantly lower. See Glover v. United States, 531 U.S. 198, 203-204 (2001)(holding failure of counsel to challenge sentencing calculation amounted to prejudice under Strickland standard); Cirilo-Munoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005)(holding failure of counsel to challenge sentencing enhancement amounted to ineffective assistance of counsel). Had counsel objected, the Sotirion's sentence most likely would have been *at least* twelve months lower. The abuse of trust enhancement would not have been applied and Sotirion's sentencing range would have been 78 to 97 months instead of 97 to 121 months. Indeed, the Court recognized this error when it sentenced Sotirion's co-defendant, Raymond Asselin, Sr., at a hearing on February 28, 2007, when it stated, "I've had an opportunity to read the presentence report and to think about this, and I think there is a possibility that there was an error in the calculation of the Guideline range in Sotirion." (See **Exhibit A**, 02/28/07 Hearing Transcript at 15.)

## REQUEST FOR RELIEF

For the foregoing reasons, Sotirion requests that the Court vacate his sentence and re-sentence him to 85 months imprisonment on Counts 1 and 2.

                                        ARTHUR SOTIRION  
                                        By his attorney,

                                        /s/ Matthew D. Thompson  
                                        Thomas J. Butters  
                                        B.B.O. No. 068260  
                                        Matthew D. Thompson  
                                        B.B.O. No. 655225  
                                        BUTTERS BRAZILIAN LLP  
                                        One Exeter Plaza  
                                        Boston, Massachusetts 02116  
Dated:  January 17, 2008          617-367-2600