# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                          WESTERN SECTION


UNITED STATES              *   Docket No. 04-30033-MAP

VS.                        *   Springfield, MA

RAYMOND ASSELIN, SR.       *   February 28, 2007
 *     *     *     *       *   2 p.m.



               TRANSCRIPT OF THE HEARING HELD BEFORE
                  THE HONORABLE MICHAEL A. PONSOR,
                 UNITED STATES DISTRICT COURT JUDGE.




APPEARANCES:
For the Plaintiff: STEVEN H. BRESLOW, Assistant
    U.S. Attorney, 1550 Main Street, Springfield,
    Massachusetts 01103, representing the
    Government.

For the Defendant: RICHARD M. EGBERT, ESQUIRE,
    99 Summer Street, Boston, Massachusetts 02110,
    representing the Defendant, Raymond Asselin, Sr.




                          Sarah L. Mubarak
                   Registered Professional Reporter
```

1  floor in some fashion, without making such a finding.
2           THE COURT: Right. It's not an
3  absolute floor, but let's face it, he's a
4  codefendant. As a practical matter, it's certainly
5  something I have to think about.
6           MR. EGBERT: And the first thing I
7  have to say is that for whatever reason, I think
8  Mr. Sotirion's sentence was wrong, and that's
9  primarily or at least in part because apparently no
10 one argued to you that abuse of position of trust
11 should not be applied under these circumstances.
12          THE COURT: Did not.
13          MR. EGBERT: And without getting into
14 the whys and wherefores of that, of which I have no
15 knowledge whatsoever, it does seem to me that -- and
16 I have heard you speak before too, so I don't come up
17 without some institutional knowledge of your position
18 vis-a-vis the Guidelines.
19          So the fact of the matter is that I think
20 Sotirion's Guideline sentence or range should have
21 been 78 to 97 months, as opposed to the finding by
22 the Court in his case, which was I think 97 to 121 or
23 something like that. Again, I'm speaking from what I
24 think is the case. I believe you sentenced him to
25 the mid range of that Guideline that you then thought

259 MAIN STREET
4TH FLOOR
SPRINGFIELD MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-0678
Pittsfield (413) 499-2151
FAX (413) 734-4588

Serving the legal community of Massachusetts since 1947

1   was appropriate.
2           THE COURT: Right.
3           MR. EGBERT: The mid range to the
4   Guideline that I think is indeed appropriate was 85
5   months, and so as a both practical and institutional
6   matter, I think that as we speak here today I would
7   ask that you consider that Mr. Sotirion's sentence
8   was in the range of 85 months because -- and this
9   puts me in an awkward position. I don't pretend to
10  read the Court's mind, but if you can extrapolate
11  your conduct in that case to what I believe are the
12  appropriate Guidelines, I think it's at least a fair
13  inference that you might have been in that range.
14          THE COURT: It's possible. I've had
15  an opportunity to read the presentence report and to
16  think about this, and I think there is a possibility
17  that there was an error in the calculation of the
18  Guideline range in Sotirion, and I fully expect that
19  that issue will be perhaps presented to the First
20  Circuit with the possibility of an adjustment. I'm
21  not sure whether the waiver of appeal would cover
22  that kind of situation. It seems to me that it ought
23  to, even if it might not technically, so I don't know
24  how that's going to play out.
25          MR. EGBERT: And I don't know to the

1  extent that that may be returning to you. I can
2  confirm to you I've put in calls to Mr. Bongiorni and
3  have not been able to speak to him, so I don't know
4  their current thoughts on the matter.
5      So I guess I would start off by saying
6  that I argue to you or take the position that a
7  sentence of 85 months, or indeed 78 months which is
8  the low end of the Guidelines for Sotirion, is at
9  least, not presumptively, but reasonable under most
10 court's look at post-*Booker* law as it relates to
11 Guideline sentencing or to sentencing. So having
12 that in mind, I'm going to base my argument, unless
13 I'm told by the Court not to, on an assumption that
14 had Sotirion made the proper objection at the
15 appropriate time, that his sentence would have been
16 in the vicinity of 85 months.
17      THE COURT: All right, sure.
18      MR. EGBERT: Having that in mind,
19 Judge, it not only helps me frame some other
20 information, but to talk to you about proportionality
21 in sentencing.
22      But first let me recognize that which you
23 have said, others have said, Mr. Asselin realizes,
24 and I realize. This is a bad case. This is a bad
25 case with bad facts and bad conduct. I don't come

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-1078
Pittsfield (413) 499-2231
FAX (413) 734-4588

Serving the legal community of Massachusetts since 1947