UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | DOCKET NO. 04-30033 (MAP) |
| | ) | |
| ARTHUR SOTIRION | ) | |

**AFFIDAVIT OF COUNSEL**

Now comes Attorney Vincent A. Bongiorni, and being duly sworn hereby deposes and states as follows;

I represented Arthur Sotirion in the above entitled action. I reviewed the initial Presentence Report with him. These meetings were initially in person and lasted several hours. I informed him of the fact that 2 points were being added to his total offense level for abusing a position of trust, but I did not discuss the applicable guideline section with him nor any potential arguments directed to that section of the Presentence Report. I provided no advice to Mr. Sotirion regarding this section as I had initially reviewed it during the plea negotiations and had felt it could not be successfully challenged. We did not discuss it and concentrated our efforts elsewhere in the report. I spent most of the review session concentrating on the Government's version of the events and factual differences that my client and I believed needed to be addressed.

Mr. Sotirion did not play any role in formulating any objection to the Presentence Report other than addressing factual matters outlined in the Government's version of the offense and his assessment of the reliability or correctness of these facts.

The final draft Plea Agreement executed by Mr. Sotirion was not available until the date of the plea. My memory is that the Plea Agreement went through several revisions in the days leading up to the plea. Although I went through one of the draft Plea Agreement's several days before the plea with Mr. Sotirion I do not remember whether the draft contained the waiver paragraph, but if it did I would have discussed, at least in a general sense, the impact of the provisions with my client.

Signed under the pains and penalties of perjury this 30 day of July 2008.

/s/ Vincent A. Bongiorni, Esq.