UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ARTHUR SOTIRION,            )
  Petitioner                )
                            )
        v.                  )    No. 08-CV-30019-MAP
                            )
UNITED STATES OF AMERICA,   )
  Respondent                )

## MEMORANDUM AND ORDER REGARDING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Dkt. No. 1)

November 25, 2008

PONSOR, D.J.

Petitioner argues that the court erred in applying a two-point enhancement to his offense level for abuse of a position of trust, generating an incorrect advisory guideline range of 97-121 months that prompted, in part, the court's imposed sentence of 109 months. The government does not disagree that the technical error was made by the court (and overlooked by the government, probation officer and defense counsel at the time), but it argues that Petitioner waived his right either to directly appeal the mistake or to prosecute this collateral attack upon the sentence.

Following hearing, the court denied the motion and ordered that the petition pursuant to 28 U.S.C. § 2255 be dismissed. The basis for the court's action is that Petitioner entered into a binding waiver of his right to bring

this petition.  The waiver fully satisfied the requirements set forth in United States v. Edelen, 539 F.3d 83, 85 (1st Cir. 2008), and United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001).  The plea agreement clearly delineated the scope of the waiver; the court inquired specifically about the waiver through the colloquy conducted by the Magistrate Judge, and the denial of this petition would not constitute a miscarriage of justice in the overall context of this case.

The flaw in the calculation of the appropriate offense level and advisory sentencing guideline range is regrettable. At the same time, the waiver of the right to appeal or prosecute a collateral attack on the sentence was part of the negotiation that produced the plea agreement.  This agreement had benefits for Petitioner.  Indeed, he ultimately received a sentence far below what the plea agreement contemplated as the upper limit for the potential term of imprisonment. Waivers cannot be limited solely to those situations where no error occurs, without losing all meaning.

In sum, the court's reason for denying the motion to vacate and dismissing the petition is founded upon its conclusion that Petitioner's waiver was valid.  The other arguments offered by the government are peripheral and have no significant role in the current ruling.  If the Court of Appeals should find that the waiver was, in fact, not valid,

then a remand for reconsideration of the sentence might be appropriate.

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 1) is hereby DENIED. The petition is hereby ordered DISMISSED and this case can be closed.

It is So Ordered.

/s/ Michael A. Ponsor<br>
MICHAEL A. PONSOR<br>
United States District Judge